THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES MCBROOM, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNDICATED OFFICE SYSTEMS, LLC, d/b/a CENTRAL FINANCIAL CONTROL,<br><br>Defendant. | CASE NO. C18-0102-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's unopposed motion to strike Defendant's offer of judgment (Dkt. No. 7). Having thoroughly considered the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

On January 24, 2018 Plaintiff filed a class action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"). (Dkt. No. 1.) On February 15, 2018, Defendant made an offer of judgment to Plaintiff of $1001.00, pursuant to Federal Rule of Civil Procedure 68. (Dkt. No. 7-1.) The Court has yet to rule on class certification. Plaintiff moved for an order striking Defendant's offer of judgment as invalid. (Dkt. No. 7 at 1.) Defendant did not respond.

The Court agrees with Plaintiff that Defendant's offer of judgment is an improper attempt to "pick off" class members, and as such, is invalid. *See Clausen Law Firm, PLLC v. Nat'l Acad.*

*of Continuing Legal Educ.*, 827 F. Supp. 2d 1262, 1268 (W.D. Wash. 2010) (disfavoring use of Rule 68 to "pick off" named plaintiffs before class certification). Numerous courts have found that pre-certification offers of judgment directed solely to class representatives create an "improper conflict of interest between the putative class representative and the putative class." *Marvis v. RSI Ent., Inc.*, 303 F.R.D. 561, 566 (D. Ariz. 2014); *see also Slovin v. Sunrum, Inc.*, Case No. C15-5340-YGR, slip op. at 3 (N.D. Cal. July 7, 2017) (offers of judgment to class representatives create improper conflicts of interest); *Steadman v. Bassett Furniture Indus., Inc.*, Case No. C13-0308-JAH, slip op. at 8 (S.D. Cal. Mar. 27, 2014) (same).

Rule 68 provides that a plaintiff who rejects a pretrial offer of settlement and ultimately recovers less than the offer must pay Defendant's costs incurred after making the offer. Fed. R. Civ. P. 68(d). Plaintiff's individual recovery under FDCPA is limited to $1000. *See* 15 U.S.C. If he rejects Defendant's offer of $1001.00 and the proposed class is not certified, Plaintiff will necessarily be liable for Defendant's costs even if he prevails on the merits. Fed. R. Civ. P. 68(d). Defendant's offer is an unveiled attempt to force Plaintiff to abandon the interests of the purported class in order to protect his own. Such an offer cannot be considered valid.

Consistent with its authority to manage the purported class action in a manner consistent with the purposes of Rule 23, the Court therefore STRIKES Defendant's offer of judgment as invalid. *See Steadman*, Case No. C13-0308-JAH at 8 (striking offer of judgment is a "practical and effective means to acknowledge an offer is invalid, to protect the putative class members, and to manage the class action").

DATED this 9th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE