THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES McBROOM, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNDICATED OFFICE SYSTEMS, LLC d/b/a CENTRAL FINANCIAL CONTROL,<br><br>Defendant. | CASE NO. C18-0102-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Central Financial Control's motion for summary judgment (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

On April 4, 2017, Plaintiff Charles McBroom received medical treatment at Franciscan Medical Group West Seattle ("FMG West Seattle") and incurred a balance of $218.64. (Dkt. Nos. 1-1, 8, 15.) FMG West Seattle transacts business and is commonly referred to as "FMG West Seattle." (Dkt. No. 15.) FMG West Seattle is a medical clinic located at 4550 Fauntleroy Way S.W., Suite 100, Seattle, Washington 98126. (*Id.*)

The Court, pursuant to Federal Rules of Evidence 201(b)(2) and 201(c)(2), takes judicial notice of the following relevant facts: Franciscan Medical Group is registered as a non-profit corporation incorporated in Washington (Dkt. Nos. 19, 19-1, 28); Franciscan Medical Group is "a regional network of primary-care and specialty-care clinics, physicians and other health providers" (Dkt. No. 29 at 34); and that although Franciscan Medical Group operates as the wholly-owned subsidiary of Franciscan Health System d/b/a CHI Franciscan Health, Franciscan Medical Group may be entitled to retain remuneration for services provided in its name (Dkt. No. 28) (citing *State of Washington v. Franciscan Health, et al.*, Complaint, No. 17-05690 at 1, 7, 11, 18 (W.D. Wash. Aug. 31, 2017)).

FMG West Seattle is a client of Defendant Central Financial Control. (Dkt. No. 15.) After Plaintiff failed to pay for the medical treatment he had received, FMG West Seattle placed Plaintiff's account with Defendant for collection. (*Id*.) On October 2, 2017, Defendant sent a letter to Plaintiff notifying him of the debt. (Dkt. No. 1-1.) The letter provided in part that the relevant "facility" was "FMG West Seattle," and listed an account number, patient reference number, the date of service, and an account summary with the account's current balance. (*Id*.) The letter stated that Defendant is a debt collector, and that, "Your account(s) has been placed with Central Financial Control for collection of the current balance above." (*Id*.) The letter informed Plaintiff that if he was presently unable to pay he could be eligible for a payment arrangement or financial assistance. (*Id*.) The letter provided Defendant's phone number. (*Id*.) The letter provided a second phone number and the address for a webpage of CHI Franciscan Health's website "for more information about financial assistance." (*Id*.)

Plaintiff sued Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Dkt. No. 1.) Plaintiff alleges that Defendant violated the FDCPA by failing to clearly identify the current creditor of the debt and by failing to meaningfully convey the name of the creditor to whom the debt was owed. (*Id*. at 11–15.)

Defendant moves for summary judgment seeking dismissal of Plaintiff's FDCPA claims.

(Dkt. No. 14.)

## II. DISCUSSION

### A. Summary Judgment

#### 1. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)).

#### 2. FDCPA Legal Standard

One of the purposes of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA is a remedial statute, which courts are required to interpret liberally. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). "An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117–18 (9th Cir. 2014) (emphasis in original). The least sophisticated debtor standard is lower than examining whether a reasonable debtor would be deceived or mislead by particular language. *Swanson*, 869 F.2d at 1227. But "although the least sophisticated debtor may be uninformed, naïve, and gullible, nonetheless her interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012). When all relevant facts are undisputed, "the application of the FDCPA to those facts is a question of law." *Sheriff v. Gillie*, 136 S.Ct. 1596, 1063 n. 7 (2016).

3. <u>Genuine Dispute of Material Fact</u>

The parties do not dispute the contents of Defendant's October 2, 2017 letter. In his initial response to Defendant's motion for summary judgment, Plaintiff contended that additional discovery was required to determine "the identity of Plaintiff's creditor." (Dkt. No. 22.) The Court granted Plaintiff's request for a continuance to allow for additional discovery to determine "(1) CHI Franciscan Health's role with respect to Plaintiff's alleged debt, (2) CHI Franciscan Health's relationship, if any, with Defendant, (3) CHI Franciscan Health's relationship with FMG West Seattle, and, ultimately (3) [sic] whether CHI Franciscan Health is the true creditor of Plaintiff's alleged debt." (*Id.*; Dkt. No. 31.)

Defendant has filed two declarations that establish the following relevant facts: Franciscan Medical Group is a medical creditor and provider within CHI Franciscan Health's nonprofit healthcare network; Franciscan Medical Group "operates a medical clinic in West Seattle . . . ("FMG-West Seattle");" Plaintiff "obtained medical services from FMG-West Seattle resulting in a balance owed of $218.64;" "FMG, and no other entity, is entitled to payment of the $218.64 owed from Plaintiff for the medical services received by him from FMG-West Seattle;" FMG West Seattle is a client of Defendant; and FMG West Seattle placed Plaintiff's account with Defendant for collection. (Dkt. Nos. 15, 32; *see also* Dkt. No. 37) (excerpt of Plaintiff's patient records showing treatment at "FV4," the facility code for FMG West Seattle).[1]

These facts establish that Franciscan Medical Group, not CHI Franciscan Health or Defendant, is entitled to payment of Plaintiff's debt. (Dkt. No. 32.) Thus, CHI Franciscan Health's role with respect to the debt and its relationships, if any, with Defendant or FMG West Seattle are not relevant to the resolution of this case. Further, FMG West Seattle, the facility at which the medical services underlying Plaintiff's debt were provided, is Defendant's client. (Dkt.

---

[1] Plaintiff does not address the declaration of Franciscan Medical Group (Dkt. No. 32) after the continuance of Defendant's motion for summary judgment in any of his filings. (*See generally* Dkt. No. 35.)

No. 15.) Read together, the declarations establish that Franciscan Medical Group is entitled to payment, as opposed to CHI or Defendant, and that FMG West Seattle, the location at which the medical services underlying the debt were provided, is the creditor on whose behalf Defendant sent the letter to Plaintiff.[2]

Plaintiff contends that "FMG West Seattle" is not an entity or a registered legal name, and thus cannot be the true identity of the creditor. (*See* Dkt. No. 35 at 6–7.) But FMG West Seattle is the name by which the facility is commonly referred to and transacts business as, and Plaintiff has not asserted that FMG West Seattle used a different name when it provided him with the medical services underlying the debt. (*See generally* Dkt. Nos. 1-1, 35.) Similarly, although Plaintiff cites Washington law requiring those who conduct business in Washington to register a trade name, he has not cited authority standing for the proposition that a creditor cannot satisfy the requirements of the FDCPA by using the name the consumer is most familiar with when sending a collection notice. (*See* Dkt. No. 35 at 7) (citing Wash. Rev. Code § 19.80.010). Therefore, Plaintiff's arguments regarding the naming convention used by the letter are insufficient to rebut the assertions in Defendant's declarations establishing that FMG West Seattle is the creditor of Plaintiff's account.

Plaintiff has filed an opposing declaration of his attorney, who states that Plaintiff served CHI Franciscan Health and Franciscan Medical Group with subpoenas seeking documents evidencing agreements between them and Defendant regarding "debt collection of accounts from 1/24/17 to present," and that the subpoena to Franciscan Medical Group also sought documents relating to its legal name or other names it uses to identify itself. (Dkt. No. 36.) Email responses from the entities stated that they did not have responsive documents, and directed Plaintiff's

---

[2] The Court notes that Defendant's first declaration provided that FMG West Seattle is the client on whose behalf Defendant sent the letter to Plaintiff (Dkt. No. 15), and the second declaration establishing that FMG was entitled to payment as opposed to CHI Franciscan Health or Defendant was submitted following the continuance to determine CHI Franciscan Health's role with regard to Plaintiff's debt (Dkt. No. 32).

counsel to search the Washington Secretary of State's website for Franciscan Medical Group's legal corporation name and registration. (Dkt. Nos. 36-2, 36-4.) Plaintiff asserts that the entities' responses to the subpoenas demonstrate that neither can produce documents showing that it placed Plaintiff's account with Defendant for collection. (Dkt. No. 35 at 8.)

As discussed above, Defendant's declarations clearly establish that CHI Franciscan Health is not the creditor entitled to payment of Plaintiff's account, and therefore there is no reason for it to have documents responsive to Plaintiff's subpoena. (Dkt. No. 32.) Although Defendant's declaration from Franciscan Medical Group broadly states that Franciscan Medical Group is entitled to payment of Plaintiff's debt incurred at its clinic FMG West Seattle, as opposed to CHI Franciscan Health or Defendant (Dkt. No. 32), Defendant's declaration from its employee states that FMG West Seattle is its client. (Dkt. No. 15.) Plaintiff does not explain why FMG West Seattle was not served with a subpoena requesting the same responsive documents. Thus, Plaintiff has not demonstrated that there is a genuine issue of material fact for trial, as he has not contravened Defendant's declarations establishing that FMG West Seattle is the creditor on whose behalf Defendant sent the letter to Plaintiff.

    4. <u>Judgment as a Matter of Law</u>

        a. *15 U.S.C. § 1692g(a)(2)*

"The term 'creditor' means any person . . . to whom a debt is owed, but . . . does not include any person to the extent that he receives . . . transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). "[A] debt collector shall . . . send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Simply including this information in the written notice is not sufficient; the information must be "effectively conveyed to the debtor." *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

In the section of the letter containing information about the relevant account, FMG West Seattle, named as the "Facility," is the only named entity. (Dkt. No. 1-1.) The letter goes on to

list a single account number, a single patient reference number, the date of service, and an account summary with the current balance. (*Id*.) The lack of another entity's name in association with the account in this section would notify the least sophisticated debtor that FMG West Seattle is the creditor to whom the outstanding balance is owed. Further, a later section of the letter states that the amount owed may vary depending on health insurance or other coverage for medical services "received from FMG West Seattle; the same medical services that form the basis of this debt." (*Id*.) The fact that the letter describes FMG West Seattle as "Facility" in this section, rather than "Creditor," is insufficient to render the identity of the creditor unclear in light of the clear association between FMG West Seattle and the details of the debt provided in the letter.

The body of the letter states that Defendant is a debt collector, and that the account has been "placed" with Defendant "for the collection of the current balance above." (Dkt. No. 1-1.) In a later section, the letter states, "Balance Assigned to [Defendant]: $218.64." (*Id*.) The letter also directs Plaintiff to make payments to Defendant, rather than FMG West Seattle. (*Id*.) This language does not suggest that Defendant is the owner of the account. Rather, it indicates that Defendant is working as a debt collector on behalf of the creditor, and is seeking to collect the outstanding balance of the account.

Also, the section of the letter concerning a payment arrangement and accessing information about financial assistance directs Plaintiff to contact Defendant via phone to determine if he qualifies for a payment arrangement. (*Id*.) It further directs Plaintiff to call a provided phone number or visit a webpage of CHI Franciscan Health's website "for more information about financial assistance." (*Id*.) These statements guide Plaintiff to resources intended to help him pay the debt; they do not indicate that either Defendant or CHI Franciscan Health are the creditor. Thus, the sections of the letter concerning Defendant and CHI Franciscan Health do not render the identity of the account's creditor unclear. Therefore, the Court concludes that Defendant's letter to Plaintiff did not violate § 1692g(a)(2) as a matter of law.

b. *15 U.S.C. § 1692e*

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In the Ninth Circuit, when analyzing claims arising under 15 U.S.C. § 1692e the Court is "not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)).

Plaintiff claims that the letter could be read as conveying that the creditor is Defendant, FMG West Seattle, CHI Franciscan, or an unnamed debt buyer, and therefore violates 15 U.S.C. § 1692e. (Dkt. No. 35.) As discussed above, the letter lists FMG West Seattle as the "Facility," and provides an associated account number, patient reference number, date of service, and current balance. (Dkt. No. 1-1.) No other entity is listed in this section of the letter. (*Id.*) Thus, the letter clearly indicates that FMG West Seattle is the creditor of the account.

The body of the letter identifies Defendant as a debt collector, and states that Plaintiff's account has been "placed" with Defendant for collection. (*Id.*) The letter does not indicate that ownership has been transferred to Defendant, and thus cannot be reasonably read as identifying Defendant as a possible creditor. Similarly, although the letter directs Plaintiff to a webpage of CHI Franciscan Health's website, it is for the purpose of obtaining "more information about financial assistance." (*Id.*) In light of this clear limitation, the letter cannot be reasonably read as identifying CHI Franciscan Health as a potential creditor. Thus, although the letter includes the names of three separate entities, it can only be reasonably read to identify FMG West Seattle as the creditor of Plaintiff's debt. *Gonzalez*, 660 F.3d 1062. Therefore, the Court concludes that the Defendant's letter does not violate 15 U.S.C. § 1692e as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 14) is GRANTED. Plaintiff's claims are DISMISSED with prejudice.

DATED this 28th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE